[Civ. No. 27128. Second Dist., Div. One. Oct. 15, 1963.]

EVANGELINE RICE, Plaintiff and Appellant, v. WILLIE L. WRIGHT, Defendant and Respondent.

Wise, Kilpatrick & Clayton, George E. Wise and Joseph P. D. Kern for Plaintiff and Appellant.

W. P. Smith and Virgil R. Wells for Defendant and Respondent.

WOOD, P. J.—This is an action for damages for personal injuries caused when a chauffeur-driven automobile in which plaintiff was riding ran into the rear end of a stopped bus.

The defendant (chauffeur) objected to the introduction of evidence on the ground that the amended complaint as further amended did not state facts sufficient to constitute a cause of action. It was amended by various interlineations, and upon a stipulation by which various statements of fact appearing in the pretrial order and joint pretrial statement were included as allegations. The objection was sustained without leave to amend, and judgment of dismissal was entered. She appeals from the judgment.

After the amended complaint was amended, by incorporating therein by reference such excerpts from the

pretrial proceedings, no further amended complaint was made showing in one document the allegations constituting the intended second amended complaint. As a result thereof, it is difficult to comprehend the form and substance of the intended second amended complaint.

In order to have a consolidated statement of the second amended complaint before the court, it would be necessary for this court to assemble the several portions of the various documents from which allegations have been imported into the complaint by oral stipulation. If that were done it would appear clearly that the complaint contained inconsistent and conflicting allegations. Even though there was a stipulation that plaintiff could not amend further, it would seem that she could amend further at least to the extent of removing the inconsistencies and conflicts.

A general statement of the basis of the asserted action is that the plaintiff Mrs. Rice was riding in the rear seat of an automobile with her sister Mrs. Mary Overseth, and that the defendant Willie Wright, the chauffeur who was driving the automobile, drove it against the rear end of a passenger bus which had stopped on Wilshire Boulevard, near Cloverdale Avenue, in Los Angeles. There were allegations regarding the ownership of the automobile and the employment of the chauffeur, which allegations were inconsistent and conflicting as hereinafter indicated. (The action was dismissed by plaintiff as to Mr. Oliver Overseth [husband of Mrs. Mary Overseth], who had been named as a party defendant. Mrs. Overseth had not been named as a party. The chauffeur was the only remaining defendant.) It was the theory of the defendant, in making the objection to the introduction of evidence, that under the allegations of the proposed second amended complaint the plaintiff was riding in the automobile as the guest of her sister Mrs. Overseth, who was the employer of the defendant chauffeur, and since she was such a guest there was no liability on the part of the defendant chauffeur in the absence of allegations that the injury to plaintiff proximately resulted from the intoxication or wilful misconduct of the chauffeur. The theories of plaintiff were (1) that she was a passenger (not a guest) and that there was liability on the part of the defendant chauffeur for failing to exercise ordinary care in operating the automobile; and (2) that even if she were a guest there was an allegation sufficient to show that the injuries proximately resulted from the wilful misconduct of the chauffeur. That allegation was to the effect

that at said time the defendant had a physical impairment, defect, or infirmity in that he was subject to sudden blackout attacks and loss of consciousness; that such defect had existed for many years prior to the accident, but nevertheless the defendant did operate the automobile knowing that said defect impaired his ability to operate the automobile; and that as a result of said defect the defendant at said time sustained a blackout and while in said condition drove the automobile against the rear of a bus thereby causing the injuries to plaintiff.

On the day set for the trial a conference in chambers was held by the judge and the attorneys, and after various amendments of the amended complaint were made by interlineation, the judge suggested that statements of fact regarding ownership and employment, as shown in the pretrial order and pretrial statement, be included in the amended complaint by stipulation—apparently the point in so amending the amended complaint was to have a full allegation of the facts so that the legal points involved would be presented by the objection to the introduction of evidence and thereby expedite the disposition of the case.

The trial court, in sustaining the objection to the introduction of evidence and in entering the judgment of dismissal, concluded that plaintiff was a guest of Mrs. Overseth and was therefore a guest of Mrs. Overseth's employee, the defendant chauffeur. It seems that the court also concluded that the allegation regarding the chauffeur's physical defect was not a sufficient allegation of wilful misconduct.

In the process of so amending the amended complaint, an allegation remained in the amended complaint to the effect that Mr. Oliver Overseth was the owner of the automobile and that the defendant chauffeur was driving it with Mr. Overseth's consent. The pretrial statement, as originally made, stated that the automobile was owned by Mr. Oliver Overseth and that the chauffeur was employed by him. Later that statement was amended, by interlineation, to state that Mrs. Mary Overseth was the owner; but the statement therein that the chauffeur was employed by Mr. Oliver Overseth was not changed. The pretrial order, as originally made, stated that the chauffeur was employed by Mr. Oliver Overseth. Later that order was amended, by interlineation, to state that the chauffeur was employed by Mrs. Mary Overseth. The judgment of dismissal recited that the factual statements in the pretrial statement and pretrial order were deemed a part of the amended complaint.

It thus appears that there is an allegation in the proposed second amended complaint that Mr. Oliver Overseth was the owner of the automobile; and there are also allegations that Mrs. Mary Overseth was the owner. It also appears (from the pretrial statement, as amended, which was incorporated in the complaint) that the chauffeur was employed by Mr. Oliver Overseth; and it appears (from the pretrial order, as amended, which was incorporated in the complaint) that the chauffeur was employed by Mrs. Mary Overseth.

The matters regarding ownership and employment were material upon the issue as to whether plaintiff was a guest of Mrs. Mary Overseth. As above shown, there are inconsistent and conflicting allegations in the proposed second amended complaint regarding those subjects of ownership and employment. Furthermore, the many amendments by interlineation, whereby statements as to those subjects were changed to directly opposite statements, indicate that many errors were made in alleging ownership and employment. Even though the plaintiff said that she could not amend further, it is obvious that the complaint could have been amended further, at least to the extent of removing inconsistent and conflicting allegations. The judgment of dismissal was based upon the technical objection to the effect that plaintiff's pleading was legally deficient. Said pleading, as above indicated, consisted of the amended complaint as amended by several interlineations and by incorporating therein by reference, upon oral stipulations, several excerpts from the pretrial proceedings which excerpts had been amended by interlineations; and no further amended complaint was written showing in one document the allegations comprising the asserted new pleading. Under such circumstances, and particularly in view of the resulting inconsistencies and conflicts in the allegations, and in view of the technical nature of the objection, this court should not undertake to determine what was intended to be alleged by such unusual and unsatisfactory method of amending the pleading.

It is not to be understood that this court is determining whether or not the plaintiff was a guest, or is determining any other issue on the merits.

The plaintiff should have been permitted to amend.

The judgment is reversed, with the direction to permit plaintiff to amend the complaint.

Fourt, J., and Lillie, J., concurred.